# In the United States Court of Federal Claims

No. 23-2196C
(Filed: March 28, 2024)

```
*************************************
                                    *
LISA RICHARDSON-HENDERSON           *
                                    *
                Plaintiff,          *
                                    *
        v.                          *
                                    *
THE UNITED STATES,                  *
                                    *
                Defendant.          *
                                    *
*************************************
```

## OPINION AND ORDER

Plaintiff's Complaint[1] was filed *pro se* in this Court on December 28, 2023.  Although Ms. Richardson-Henderson is not an attorney, she purports to have filed the Complaint on behalf of "JAMES DONALE NICKENS JR ESTATE" and/or "James-Donale: Nickens Jr[.], Agent" as his "Trustee."  *See generally* Compl.  The Complaint also refers to Mr. Nickens Jr. as "Agent/Trustee." Compl. at ¶ 2.

In her Complaint, Plaintiff alleges ten claims: (1) "Failure to verify proof that James-Donale: Nickens Jr[.] is not the entity JAMES DONALE NICKENS JR[.]," (2) "Disregard of Legal Notices" relating to the Uniform Commercial Code (UCC), (3) "Conspiracy to commit fraudulent transaction against a private Trust for enrichment," (4) "RICO Act [of] 1970," (5) "Bias and prejudices of judges," (6) "Abuse of authority," (7) "Judicial misconduct by corrupt Judges," (8) "Blatant TRESPASS against a Secured Party Creditor's Rights and Irrevocable TRUST," (9) "James-Donale: Nickens Jr[.] was never served paperwork nor made aware/signed for claims, notices, warrants," and (10) "Baltimore County Circuit Court detainment for a debt with a defin[i]te 'extortion demand' attached."  Compl. ¶ 4.

As relief, the Complaint requests an "injunction[] demanding the release of James-Donale: Nickens Jr[.] [as] two distinct and separate legal entities" because he "is a Natural Man existing as living, breathing, flesh and blood sentient being" and "[t]he Government, being an incorporeal entity can only engage another incorporeal entity, and not real flesh and blood

---

[1] Although the Complaint indicates that the filing party has not begun any other lawsuits in this Court, Ms. Richardson-Henderson does in fact have a case pending before this Court. *Richardson-Henderson Trust v. United States*, Case No. 23-1896.

sentient."  Compl. ¶ 5.  The Complaint also asks that the Court "CANCEL all bonds, securities, promissory notes, trades etc. against the Estate and Damages."  *Id.*

The Government now moves the Court pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"), to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction because the Complaint fails to allege any money-mandating statute, regulation, contract or constitutional provision.  Plaintiff responded in opposition.  For the reasons set forth below, the Government's Motion to Dismiss is hereby **GRANTED.**

## I.      JURISDICTION AND STANDARD OF REVIEW

Subject matter jurisdiction is a threshold requirement that must be determined at the outset of a case.  *Dow Jones & Co., Inc. v. Ablaise Ltd.*, 606 F.3d 1338, 1348 (Fed. Cir. 2010).  Although *pro se* plaintiffs are given more latitude in their pleadings and are not held to the rigid standards or formalities imposed upon parties represented by counsel, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), a *pro se* plaintiff must still "comply with the applicable rules of procedural and substantive law."  *Walsh v. United States*, 3 Cl. Ct. 539, 541 (1983).  Indeed, "the leniency afforded *pro se* litigants with respect to mere formalities does not relieve them of jurisdictional requirements."  *Demes v. United States*, 52 Fed. Cl. 365, 368 (2002) (citing *Kelley v. Sec., U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987)).

Under the Tucker Act, the Court of Federal Claims may only entertain claims for money damages that arise under the Federal Constitution, executive regulations, a Federal statute, or a contract with the United States.  *United States v. Mitchell*, 463 U.S. 206, 215-18 (1983); 28 U.S.C. § 1491(a).  For such a claim to fall within the ambit of this Court's jurisdiction, the substantive right must "fairly be interpreted as mandating compensation by the Federal Government for the damage sustained."  *Id.* at 217 (quoting *United States v. Testan*, 424 U.S. 392, 400 (1976)).  "'Except in strictly limited circumstances'…the Tucker Act does not authorize the Court of Federal Claims to order equitable relief such as specific performance, a declaratory judgment, or an injunction."  *Smalls v. United States*, 87 Fed. Cl. 300, 307 (2009) (quoting *Massie v. United States*, 226 F.3d 1318, 1321 (Fed. Cir. 2000)).

## II.      DISCUSSION

At the outset, the Complaint violates RCFC Rule 83.1 because Ms. Richardson-Henderson is not an attorney barred by this Court, and thus she is not authorized to represent an individual's estate.  RCFC 83.1(a)(3) ("An individual who is not an attorney may represent oneself or a member of one's immediate family, but may not represent a corporation, an entity, or any other person in any proceeding before this court.").

The Complaint also fails on its own terms as the bases for its allegations are not money-mandating.  Plaintiff alleges several criminal violations in the Complaint.  *See e.g.*, Compl. ¶ 4.3 ("[c]onspiracy to commit fraudulent transaction"), ¶ 4.4 ("RICO Act [of] 1970 –violations of conspiracy, organized criminal activity of aiding and abet[t]ing, racketeering, kidnapping), ¶ 4.8 (trespass), ¶ 4.10 (extortion).  This Court, however, lacks jurisdiction to consider any claim

arising under Federal criminal law.  *See Joshua v. United States*, 17 F.3d 378, 379 (Fed. Cir. 1994); *see also Hufford v. United States*, 87 Fed. Cl. 696, 702 (2009).

In addition, the Complaint alleges "[b]latant TRESPASS against a Secured Party Creditor's Rights and Irrevocable TRUST."  Compl. ¶ 4.8.  Regardless of whether Plaintiff relies on the theory of trespass as a tort or as a criminal act, this allegation fails for lack of subject matter jurisdiction because this Court cannot adjudicate a claim of trespass under either theory. *Curie v. United States*, 163 Fed. Cl. 791, 805 (2022).

The remaining claims also fall outside this Court's jurisdiction.  Plaintiff alleges "[b]ias and prejudices of Judges," Compl. ¶ 4.5, "[j]udicial misconduct," Compl. ¶ 4.7, and "[a]buse of authority," Compl. ¶ 4.6.  And she appears to challenge the process used to serve Mr. Nickens Jr. in some unnamed legal proceeding, as well as a determination by the Baltimore County Circuit Court.  Compl. ¶¶ 4.9-4.10.  But the statutes governing disqualification of judges are not money-mandating, and this Court may not adjudicate a collateral attack on another judicial proceeding. *Vereda, LTDA. v. United States*, 271 F.3d 1367, 1375 (Fed. Cir. 2001) (quoting *Allustiarte v. United States*, 256 F.3d 1349, 1352 (Fed. Cir. 2001)) (this Court "cannot entertain a [] claim that requires the court to 'scrutinize the actions of' another tribunal").

Finally, Plaintiff has not established by a preponderance of the evidence that this Court has jurisdiction to consider her remaining two, indecipherable claims.  *See Reynolds v. Army & Air Force Exchange Service*, 846 F.2d 746, 748 (Fed. Cir. 1988) (holding that a plaintiff "bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence.").  The first claim appears to concern the Court's jurisdiction over Mr. Nickens Jr., the Complaint alleges a "Failure to verify proof that James-Donale: Nickens Jr is not the entity JAMES DONALE NICKENS JR."  Compl. ¶¶ 4.1.  Second, the Complaint alleges a "disregard of [UCC] legal notices."  Compl. ¶ 4.2.  Because the Court cannot discern a basis for its own jurisdiction over these claims, it has no choice but to dismiss them.  *See* RCFC 12(h)(3).

The Complaint also seeks relief that this Court cannot provide.  Plaintiff asks this Court for relief that is entirely non-monetary, including an injunction and the cancellation of "all bonds, securities, promissory notes, trades etc. against the Estate and Damages."  Compl. ¶ 5. The request is unintelligible, and, on its face, is not "an incident of and collateral to" money damages.  28 U.S.C. § 1491(a)(2).  Thus, the Court cannot grant the relief Plaintiff seeks.  *See First Hartford Corp. Pension Plan & Trust v. United States*, 194 F.3d 1279, 1294 (Fed. Cir. 1999) ("[The Court of Federal Claims] cannot grant nonmonetary equitable relief such as an injunction or declaratory judgment, or specific performance.").

Here, Plaintiff's Complaint fails to allege a claim against the United States for money damages or any facts that would invoke the Tucker Act.  *See United States v. Mitchell*, 463 U.S. 206, 216, 103 S. Ct. 2961, 77 L. Ed. 2d 580 (1983) ("Not every claim invoking the Constitution, a federal statute, or a regulation is cognizable under the Tucker Act. The claim must be one for money damages against the United States . . . .").  Although Plaintiff's Response requests "damages in the amount of $500,000,000 plus punitive damages," ECF No. 8 at 5, this statement is not enough to rehabilitate Plaintiff's otherwise defective Complaint.  Because Plaintiff's claim fails to allege a money-mandating source of law, this Court must dismiss the Complaint for lack

of jurisdiction.  *See* RCFC 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

### III.     CONCLUSION

For the reasons given above, Plaintiff's Complaint is **DISMISSED**.  The Clerk is directed to enter the judgment accordingly.

**IT IS SO ORDERED.**

<u>s/Edward J. Damich</u>
EDWARD J. DAMICH
Senior Judge